IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN SOLANO,

          **Plaintiff,**

vs.                                           Case No. 17-cv-0192-DRH

**SUZANN BAILEY,**
**JOHN BALDWIN,**
**MIKE FISHER,**
**LARUE LOVE, and**
**VIPIN SHAH,**

          **Defendants.**

<u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

    Plaintiff Allen Solano, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this pro se action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. Specifically, plaintiff alleges that defendants conspired to violate his Eighth and Fourteenth Amendment rights by serving him a soy-based diet. He seeks compensatory and punitive damages, and fees.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Upon review of the complaint, the Court will exercise its authority under § 1915A and summarily dismiss this action.

## The Complaint

Plaintiff entered the Illinois Department of Corrections ("IDOC") on April 2, 2015.  (Doc. 1, p. 5).  He started eating a soy-based diet at that time, to which he attributes headaches, constipation, gas, depression, and other mental injuries. (Doc. 1, pp. 5-6).  Plaintiff alleges that the named defendants conspired to violate plaintiff's rights when they instituted a policy to serve inmates a soy-based diet, refused to provide adequate medical care for the effects of consuming too much soy, refused to provide adequate nutrition, refused to serve inmates fresh fruit, and intentionally misplaced grievances.  (Doc. 1, p. 5).  Plaintiff alleges that the defendants profit off the soy-based diet.  (Doc. 1, p. 6).

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated claims.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Eighth Amendment claim against defendants for deliberate indifference to plaintiff's health by serving him a soy diet;
>
> **Count 2 –** Defendants conspired to serve plaintiff a soy diet in deliberate indifference to his health in violation of the Eighth Amendment; and,

**Count 3 –** Fourteenth Amendment claim against defendants for failing to respond to grievances regarding the soy diet.

All three claims shall be dismissed at this time. As to **Count 1**, the Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; see also *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

A number of courts have rejected inmates' claims that a soy diet puts them at risk of serious harm. In *Harris v. Brown*, the court appointed both attorneys and experts for the plaintiffs, but ultimately concluded after reviewing the expert

reports and noting the ubiquity of soy in the American diet that "society today simply does not see soy protein as a risk to the general population, much less a serious risk." No. 07-CV-3225, 2014 WL 4948229 at *4 (C.D. Ill. Sept. 30, 2014). The court granted summary judgment to the defendants, noting that even if it accepted the plaintiffs' expert opinions, they did not conclusively establish that soy protein created a risk, only that "the safety of soy is a topic of current debate and study." *Id.* Other courts have also come to the same conclusion, albeit on a less developed record. *See Riley-El v. Godinez*, No. 13 C 8656, 2015 WL 4572322 at *4 (N.D. Ill. July 27, 2015) ("[T]he alleged risks posed by consuming a soy-rich diet to not rise to the level of an Eighth Amendment violation."); *Munson v. Gaetz*, 957 F.Supp.2d 951, 954 (S.D. Ill. 2013) (finding that defendants were entitled to qualified immunity because no court has found soy to be harmful); *Smith v. Rector*, No. 13-cv-837, 2013 WL 5436371 (S.D. Ill. Sept. 30, 2013)(dismissing claim on vague allegations that prison meals contained too much soy); *Adams v. Talbor*, No. 12-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that a soy based diet caused him to experience stomach problems).

The court in *Riley-El v. Godinez* took a particularly nuanced approach: they permitted the plaintiff's claim that he had a serious medical condition for which soy was contraindicated to proceed, but dismissed plaintiff's claim regarding a soy diet as a condition of confinement. 2015 WL 4572322 at *4-*5. Here, plaintiff has only pleaded a conditions of confinement claim. While he has alleged

4

that he suffered various medical symptoms, plaintiff has not alleged that any of the defendants even knew about his symptoms, much less that they were deliberately indifferent. He has not alleged that he suffers from any allergy or condition for which soy is contraindicated. The Court therefore construes plaintiff's claim strictly as a conditions of confinement claim. As a conditions of confinement claim, it fails. The alleged risks of a soy diet do not rise to the level of an Eighth Amendment violation.

Alternatively, the Court finds that the defendants are entitled to qualified immunity on the alleged general health risks of consuming soy. Qualified immunity shields government officials from liability where "their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Court use a 2 part test to determine whether a defendant is entitled to qualified immunity: 1) whether the conduct complained of violates the constitution; 2) whether the right was clearly established at the time the conduct occurred. *Id.* at 743 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Either element of the test may be reached first. *Pearson*, 555 U.S. at 236.

Although qualified immunity is an affirmative defense, the burden of meeting the two part test rests on the plaintiff. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). The Supreme Court has emphasized the importance of resolving qualified immunity questions at the earliest stage possible of litigation.

*Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Seventh Circuit has also upheld dismissals on qualified immunity grounds in soy diet cases on a 12(b)(6) motion, which shares its standard with § 1915A. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). The Court will dismiss on qualified immunity grounds where the facts of the complaint, taken as true, fail to allege the violation of a clearly established right.

Here, the Court has not found a single case that concludes that soy-based diets pose a serious risk to prisoner health generally. It has not found a case that holds that soy is nutritionally inadequate or that it violates the Constitution. In fact, the Seventh Circuit specifically declined to hold that a soy-based diet violates the Constitution in at least one case. *Johnson v. Randle*, 619 F. App'x 552, 554 (7th Cir. 2015). The Court therefore finds that because no court has found a soy-based diet unconstitutional, the right is not clearly established and defendants are entitled to qualified immunity.

**Count 2** alleges a conspiracy amongst all the defendants to offer a soy-based diet in order to save the institution money, which plaintiff alleges they are distributing amongst themselves. Plaintiff's allegation that the defendants are pocketing the money is completely baseless and conclusory. More to the point, **Count 2** does not survive preliminary review because the complaint has not adequately stated a constitutional claim regarding the soy diet, and without an underlying constitutional violation, there can be no conspiracy claim.

In the alternative, the complaint offers insufficient allegations in support of

a conspiracy claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). The plaintiff's mention of a conspiracy is insufficient, even at this early stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim against defendants, based on their issuance of a soy diet.

Further, the complaint also fails to articulate a viable conspiracy claim against defendants for allegedly implementing a soy diet in order to generate revenue. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional

violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3** arises from defendants' failure to respond to plaintiff's grievances; it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that defendants may have ignored plaintiff's grievances does not give rise to a due process claim against them. Accordingly, **Count 3** is dismissed with prejudice as to all defendants.

## Pending Motions

Plaintiff's Motion for Leave to Proceed IFP (Doc. 2) and Motion for Recruitment of Counsel (Doc. 3) will be addressed by separate orders. Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **DENIED** as moot, as the Court has not found that plaintiff's complaint states any claim, no service will be ordered.

## Disposition

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against all defendants for failure to state a claim upon which relief may be granted and on qualified immunity grounds. **COUNT 2** is **DISMISSED** in its entirety without

8

prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is also **DISMISSED** in its entirety with prejudice against all defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, plaintiff shall file his first amended complaint, stating any facts which may exist to support a medical indifference claim related to the soy diet, within 28 days of the entry of this order (on or before April 17, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any other pleading. Should the first amended complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the first amended complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit

9

as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the first amended complaint.

In order to assist plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: March 22, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.22 15:34:30 -05'00'

**United States District Court**