# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALLEN SOLANO,**

    **Plaintiff,**

vs.                                                              Case No. 17–cv–0192–DRH

**SUZANN BAILEY, et al.**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 22, 2017, plaintiff filed this complaint alleging that his constitutional rights had been violated by the soy-heavy diet served at Pickneyville Correctional Center. (Doc. 1). On March 22, 2017, the Court screened this case pursuant to § 1915A and determined that the complaint failed to state a claim upon which relief may be granted and that the defendants were entitled to qualified immunity. (Doc. 9). The Court ordered plaintiff to file an amended complaint stating any facts which may exist to support a medical deliberate indifference claim, no later than April 17, 2017. (Doc. 9). To date plaintiff has not filed an amended complaint or petitioned the Court for an extension of time to do so.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of

1

this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 24, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.04.24 14:52:41 -05'00'

**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).